

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-19-00266-CR

---

TOMMIE COLEMAN, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the County Court
Delta County, Texas
Trial Court No. 2019-085

---

Before Morriss, C.J., Burgess and Stevens, JJ.

ORDER

Tommie Coleman has appealed from his conviction of disorderly conduct. The clerk's record was filed January 21, 2020. No reporter's record has been filed. This Court inquired as to the identity of the court reporter to ensure the timely filing of the reporter's record. In response to that inquiry, we received a letter from the Delta County District Clerk stating that (1) a court reporter was not available to transcribe the proceedings of Coleman's trial and (2) a partial recording of the hearing was created using a camera provided by the Delta County Sheriff's Department.

Because this case involves issues regarding the existence and extent of a reporter's record, we will abate this matter to the trial court for resolution under Rule 34.6(f) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 34.6(f). We hereby abate this matter to the trial court to conduct an evidentiary hearing pursuant to Rule 34.6(f) for the purposes of determining "if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records" are missing or "have been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible." *Id.*

We instruct the trial court to conduct an evidentiary hearing within fifteen days of the date of this order and to enter findings regarding the following:

1.      Precisely what portions of the record, if any, are non-existent, lost, destroyed, or inaudible.

2

2.	For each portion of the reporter's record that is determined to be non-existent, lost, destroyed, or inaudible, if any, the trial court is instructed to take evidence on and enter findings regarding each of the four factors set out in Rule 34.6(f) of the Texas Rules of Appellate Procedure and to enter recommendations regarding whether the appellant is entitled to a new trial as a result of the lost or destroyed exhibit or portion of the record.

3.	We also request that the trial court make any additional findings that it believes will be helpful to this Court in fully and finally resolving all issues related to the record in this matter.

The trial court's findings, as set forth above, shall be entered into the record of the case and filed with this Court as a supplemental clerk's record within ten days of the date of the hearing. The reporter's record of the hearing, and any certified corrections to the reporter's record under Rule 34.6(e)(2), shall be filed in the form of a supplemental reporter's records within ten days of the date of the hearing.

All appellate timetables are stayed and will resume on our receipt of the supplemental record. We will establish a briefing schedule, if necessary, once the case is returned to our jurisdiction from abatement.

IT IS SO ORDERED.

BY THE COURT

Date:	February 5, 2020

3